UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                                        :
BELINDA HENRY,                                          :          CASE NO. 4:12-CV-02755
                                                        :
             Plaintiff,                                 :
                                                        :
    v.                                                  :          OPINION & ORDER
                                                        :          [Resolving Docs. 1, 17, 18, 19]
COMMISSIONER OF SOCIAL                                  :
SECURITY,                                               :
                                                        :
             Defendant.                                 :
                                                        :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Magistrate Judge Vernelis K. Armstrong recommends this Court affirm the Social Security

Commissioner's denial of disability insurance benefits and supplemental security income to Plaintiff

Belinda Henry.[1]  Because substantial evidence supported the Administrative Law Judge's (ALJ's)

conclusions and the ALJ did not abuse her discretion, the Court **ADOPTS** the recommendations of

the Magistrate Judge and **AFFIRMS** the Commissioner's denial of benefits.

## I. Factual and Procedural Background[2]

      On September 18, 2008, Plaintiff Belinda Henry filed an application for disability insurance

benefits.[3]  On April 2, 2009, Henry filed an application for supplemental security income.[4]  After

her applications were denied, she requested a hearing.[5]  On November 5, 2010, Henry appeared at

a hearing with counsel before Administrative Law Judge Kelley Fitzgerald; a neutral vocational

_____

[1]Doc. 17.
[2]The Court recites the facts that are relevant to Plaintiff's objections to the Report and Recommendation..
[3]Doc. 12 at 136.
[4]*Id.* at 141.
[5]*Id.* at 93.

Case No. 4:12-cv-02755
Gwin, J.

expert also testified.[6]

Plaintiff testified that she was seeking disability because of seizures and mental health issues.[7]  She said she began suffering from seizures in 1997 and has seizures two to three times per week.[8]  She has missed approximately seven to ten days per month of her cosmetology school because of the seizure.  As a consequence, she has twice been put on probation.[9]  She also said her ability to pay attention and focus, especially in school, was limited and that due to her medication she is often drowsy; she even fell asleep in class.[10]  She had participated in group therapy but stopped going because she did not think it was helping her.[11]  She testified that she had not pursued treatment from August 2008 to November 2009 because she could not afford it.[12]

She said she attended her cosmetology school from 9:00 a.m. to 3:30 p.m. five days a week.[13]  She was passing all of her courses.[14]  She drives three times a week, is taking a computer course, needs only occasional assistance to dress and bathe herself, and can prepare cold meals for herself, if needed.[15]

In addition to this evidence, the ALJ also received a report from a consultative examination which stated that Henry had been discharged from a previous employer due to theft.[16]

During the testimony of the vocational expert, the ALJ asked what jobs a person could

---

[6]/*Id.* at 32.
[7]/*Id.* at 45.
[8]/*Id.* at 46, 58-69.
[9]/*Id.* at 59-60.
[10]/*Id.* at 48-50, 63-64.
[11]/*Id.* at 51.
[12]/*Id.* at 65.
[13]/*Id.* at 57.
[14]/*Id.* at 56.
[15]/*Id.* at 45, 56-58.
[16]/*Id.* at 277.

Case No. 4:12-cv-02755
Gwin, J.

perform with a residual functional capacity of unskilled, medium work, with only physical limitations and with the claimant's work history and age.[17]  The vocational expert answered that such a person could perform jobs as a hospital cleaner, a dietary aid, and a cook helper.[18]

On January 7, 2011, the ALJ denied Henry's applications.[19]  The ALJ found that Henry suffered from a seizure disorder, high blood pressure, low average IQ, mood disorder, and a history of polysubstance use disorder.[20]  The ALJ also found that Henry had moderate difficulties with social functioning, concentration, persistence, and pace.[21]  But the ALJ did not include Henry's mental difficulties in Henry's a residual functional capacity of medium.[22]  Specifically, the ALJ did not find that Henry's medically determinable impairments could reasonably be expected to cause the symptoms she described and that Henry was not as limited as her testimony suggested.[23]  Based on the vocational expert's response to the ALJ's hypothetical question, the ALJ found that sufficient jobs which Henry could perform existed in the national economy and, therefore, Henry was not under a disability.[24]

Henry appealed the ALJ's decision to the Appeals Council of the Social Security Administration,[21] which denied her request for review on August 2, 2012.[22]  On November 5, 2012, Henry sought review in this Court.[23]  On July 12, 2013, Magistrate Judge Armstrong issued a Report

---

[17]/*Id.* at 69-70.
[18]/*Id.* at 70.
[19]/*Id.* at 13.
[20]/*Id.* at 19.
[21]/*Id.* at 20.
[22]/*Id.* at 21.
[23]/*Id.* at 23.
[24]/*Id.* at 26.
[21]/*Id.* at 8.
[22]/*Id.* at 1.
[23]/Doc. 1.

Case No. 4:12-cv-02755
Gwin, J.

and Recommendation that the Court affirm the Commissioner's decision.[24]  Henry timely filed

objections,[22] and the Commissioner filed a response.[22]

## II. Legal Standard

To establish disability under the Social Security Act, a claimant must show that she is unable

to engage in any substantial gainful activity because of a "medically determinable physical or mental

impairment that can be expected to result in death or that has lasted or can be expected to last for

a continuous period of not less than twelve months."[23]  Agency regulations establish a five-step

sequential evaluation to determine whether a claimant is disabled.[24]  The claimant's impairment

must prevent her from doing her previous work, as well as any other work existing in significant

numbers in the national economy.[25]

The Federal Magistrates Act requires a district court to conduct a *de novo* review of the

claimant's objections to a report and recommendation.[26]  A final decision of the Social Security

Commissioner made by an ALJ is, however, not reviewed *de novo*.  A district court only determines

whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper

legal standards."[27]

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support

a conclusion."[28]  The substantial evidence standard requires more than a scintilla, but less than a

---

[24]/Doc. 17.

[22]/Doc. 18.

[22]/Doc. 19.

[23]/42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

[24]/20 C.F.R. §§ 404.1520, 416.920.

[25]/42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

[26]/28 U.S.C. § 636(b)(1).

[27]/*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[28]/*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).

Case No. 4:12-cv-02755
Gwin, J.

preponderance of the evidence.[29]  In deciding whether substantial evidence supports the ALJ's

decision, a court should not try to resolve conflicts in evidence or decide questions of credibility.[30]

The district court may look into any evidence in the record, regardless of whether it has been cited

by the ALJ.[31]  When substantial evidence supports the ALJ's decision, a court may not reverse, even

if the court would have made a decision different than the one the ALJ made.[32]

### III. Analysis

Plaintiff Henry raises three objections to Magistrate Judge Armstrong's Report and

Recommendation.[33]  She says that the ALJ erred by not accounting for Henry's difficulties in social

functioning, concentration, persistence, and pace when the ALJ found she could perform unskilled

work.[34]  She says that the ALJ erred by using a gap in medical treatment in assessing Henry's

credibility.[35]  And finally, she says that the ALJ erred by determining there are a significant number

of jobs in the national economy Henry could perform based on an incomplete hypothetical question

the ALJ asked the vocational expert.[36]

These objections lose.

### A.    Accounting for Plaintiff's Mental Difficulties

Plaintiff Henry says that the ALJ should have "accurately accounted for" Henry's difficulties

with social functioning, concentration, persistence, and pace when the ALJ determined that Henry

---

[29]/*See id.*
[30]/*Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[31]/*Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).
[32]/*Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).
[33]/Doc. 18.
[34]/*Id.* at 1-2.
[35]/*Id.* at 2-3
[36]/*Id.* at 3-4.

Case No. 4:12-cv-02755
Gwin, J.

had a residual functional capacity to perform medium, unskilled work.[37/]  This Court has also stated that "a serious impediment needs to be accurately taken into account if the functional capacity is to have any meaning."[38/]

In *Thompson*, the ALJ found that the applicant had "depression/anxiety, borderline intellectual functioning, and bipolar disorder/mood disorder."[39/]  However, "the ALJ gave no indication that he considered Thompson's moderate difficulties with social functioning, concentration, persistence, and pace" when determining Thompson's residual functional capacity.[40/]

In *Scott*, the applicant "suffer[ed] from mental handicaps and [was] functionally illiterate."[41/] The ALJ also gave "no indication that the very serious pacing and concentration limitations caused by the Plaintiff's mental deficiencies were ever seriously factored into the Plaintiff's residual functional capacity."[42/]

In this case, in determining that Henry could perform unskilled work, the ALJ said that Henry "testified that she cannot work due to seizures and mental issues."[43/]  The ALJ then summarized Henry's testimony about her seizures.[44/]  The ALJ also considered Henry's testimony that "she also suffers from mental impairments including an inability to comprehend, understand, concentrate and remember."[45/]  The ALJ also considered the fact that Henry was passing all of her

---

[37/]*Id.* at 1-2 (quoting *Thompson v. Astrue*, No. 3:10-cv-01688, 2011 WL 3298904, at *12 (N.D. Ohio Aug. 2, 2011)* (Report and Recommendation).

[38/]*Scott v. Astrue*, No. 1:10-CV-00061, 2011 WL 711459, at *6 (N.D. Ohio Feb. 22, 2011).

[39/]*Thompson*, 2011 WL 3298904 at *8.

[40/]*Id.* at *12.

[41/]*Scott*, 2011 WL 711459 at * 1.

[42/]*Id.* at *6.

[43/]Doc. 12 at 22.

[44/]*Id.*

[45/]*Id.* at 23.

Case No. 4:12-cv-02755
Gwin, J.

courses.[46]/  And the ALJ considered that she takes classes five days a week for six-and-a-half hours and is able to drive three times per week.[47]/  From this evidence, the ALJ could conclude that Henry did not have any additional limitations on her residual functional capacity, even though the ALJ found she had mental impairments.

The ALJ did consider Henry's mental health limitations in determining that Henry had the residual functional capacity to perform unskilled work.  Therefore, the ALJ did not abuse her discretion.  The ALJ's decision not to make additional limitations on Henry's residual functional capacity is supported by substantial evidence in the record.  The Court, therefore, overrules Henry's first objection.

**B.      Credibility**

Plaintiff says that the ALJ impermissibly discounted her credibility due to a gap in her medical treatment when Plaintiff said she stopped receiving treatment because she could not afford it.[48]/

According to Social Security Ruling 96-7p, an ALJ must consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record."[49]/  "[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical

---

[46]/*id.*

[47]/*Id.* at 22-23.

[48]/Doc. 18 at 2.

[49]/SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

Case No. 4:12-cv-02755
Gwin, J.

treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."[50] But "[o]ther sources may provide information from which inferences and conclusions may be drawn about the credibility of the individual's statements."[51]

In this case, although the ALJ began the credibility determination by citing Henry's gap in treatment, the ALJ then analyzed Henry's statements about each of her conditions separately and in depth.[52] The ALJ discounted Henry's testimony about her seizure condition because she drives and is entering a profession that uses scissors with clients and because her statements were not corroborated by reports from her treating sources.[53] The ALJ discounted her mental health limitations because she had not pursued treatment beyond medication, engaged in ordinary life activities, went to a full-time vocational program, and chose a career with ongoing interaction with the public.[54] Moreover, she had a history of dishonest behavior.[55]

The ALJ complied with Social Security Ruling 96-7p. The ALJ considered all of the evidence in the record, including Henry's own testimony, to determine Henry's credibility and, therefore, did not abuse her discretion. A failure to pursue treatment because the claimant cannot afford it does not preclude a finding of disability.[56] But if other evidence in the record suggests the claimant is not credible, the ALJ should be able to reject the claimant's explanation. The ALJ's credibility determination is supported by substantial evidence. The Court, therefore, overrules

---

[50] *Id.* at *7.

[51] *Id.* at *8.

[52] Doc. 12 at 23-24

[53] *Id.* at 23.

[54] *Id.*

[55] *Id.* at 24.

[56] *Glenn v. Comm'r of Soc. Sec.*, No. 3:12-cv-79, 2012 WL 5378751, at *10 (S.D. Ohio Oct. 30, 2012).

Case No. 4:12-cv-02755
Gwin, J.

Henry's second objection.

## C.    Hypothetical Question

Plaintiff says that the ALJ could not rely on the vocational expert's answer to the ALJ's hypothetical question because the question was based on a residual functional capacity and credibility finding that were wrong and because the question did not reflect Henry's limitations in social functioning, concentration, persistence, and pace.[57]

The Court has already found that the ALJ did not err by excluding Plaintiff's social and mental limitations from Plaintiff's residual functional capacity nor by finding Plaintiff not credible. Accordingly, the hypothetical question the ALJ asked "incorporate[d] only those limitations accepted as credible by the finder of fact."[58]  Therefore, the ALJ did not abuse her discretion and the ALJ's finding that there are a significant number of jobs Henry can perform in the national economy is supported by substantial evidence.  The Court, therefore, overrules Henry's third objection.

### IV. Conclusion

The Court has reviewed the Magistrate Judge's other recommendations and finds them correct.  For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of

---

[57]/Doc. 18 at 3.
[58]/*Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (citing *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987)).

Case No. 4:12-cv-02755
Gwin, J.

Magistrate Judge Armstrong and **AFFIRMS** the Commissioner's denial of benefits.

      IT IS SO ORDERED,


Dated: September 21, 2013             *s/  James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE